```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

EMMA MCCOY, ET AL                               CIVIL ACTION

VERSUS                                          NO: 07-5588

AMERICAN SECURITY INSURANCE                     SECTION: J
COMPANY

**ORDER AND REASONS**

Before the Court is Plaintiffs' **Motion to Remand to Civil District Court for the Parish of Orleans State of Louisiana (Rec. Doc. 6)**. This motion, which is opposed, was set for hearing on November 14, 2007 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiffs' motion should be denied.

**Background Facts**

This action arises out of damage sustained by Plaintiffs as a result of Hurricane Katrina.  Plaintiffs filed suit against Defendant, American Security Insurance Company, in Civil District Court for the Parish of Orleans, State of Louisiana, alleging breach of contract and other damages.  Defendant thereafter filed a notice of removal.  Plaintiffs now seek to remand the case to

state court.

## Arguments of the Parties

The parties agree that diversity jurisdiction exists, but disagree as to whether the matter in controversy exceeds the jurisdictional minimum of $75,000.  Plaintiffs contend that the amount in controversy does not exceed $75,000.  In support, Plaintiffs state that a construction firm hired by Plaintiffs estimated the value of their claim to be $29,385.98, and this report was submitted to Defendant prior to removal.

In reply, Defendant states that the policy limits at issue do exceed $75,000.  In their petition for damages, Plaintiffs allege "massive damage" and charge Defendant with failing to pay amounts due under the policy.  In response to Plaintiffs' construction estimate, Defendant states that the damage estimate provided by Plaintiffs was not a complete and total statement of all policy benefits Plaintiffs are claiming.

Furthermore, prior to filing its notice of removal, Defendant asked Plaintiffs to stipulate to an amount in controversy of less than $75,000.  Plaintiffs failed to do so.

## Discussion

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.  See 28 U.S.C. 1441(a).  Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. 1332(a)(1).  A defendant bears the burden of proving by a

2

preponderance of the evidence that jurisdiction exists.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  The jurisdictional facts supporting removal are examined as of the time of removal.  Gebbia v. Walmart Stores, Inc., 233 F.2d 880, 883 (5th Cir. 2000).  When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough.  De Aguilar, 47 F.3d at 1412.  Alternatively, a defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount.  Id.

After a defendant has met its burden, a plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to a obtain a remand.  Id.  A defendant must do more than point to a state law that might allow a plaintiff to recover more than she pled.  Id.  The removal statutes should be strictly construed in favor of remand. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Examining Plaintiffs' original complaint, Plaintiffs allege that Defendant failed to pay for the "massive damage" to their house.  Also, Plaintiffs allege an "[a]rbitrary and capricious failure to investigate, initiate loss adjustment, analyze, and pay [the] claim in good faith."  Based on these claims, and the undisputed policy limits, Defendant has met its burden of proving the required amount in controversy.  In determining the amount in controversy, the Court must include potential attorneys' fees and

any statutory penalties or penalties.  <u>St. Paul Reinsurance Co. v. Greenburg</u>, 134 F.3d 1250, 1252-53 (5th Cir. 1998).

Plaintiffs have failed to establish to a legal certainty that they will not recover more than $75,000.00.  If Plaintiffs wished to forego removal to federal court, they needed to stipulate that their damages amount to less than $75,000.  <u>De Aguilar</u>, 47 F.3d at 1412.  Therefore, this Court finds that the motion to remand should be denied.  Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Remand to Civil District Court for the Parish of Orleans State of Louisiana (Rec. Doc. 6)** is hereby **DENIED.**

New Orleans, Louisiana this 20th day of November, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE